**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| A.M. PYROTECHNICS, LLC. | ) | Bankruptcy No.: 14-60959-abf11 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| Hunan Liuyang Huan Yu (Global) Co. | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| A.M. Pyrotechnics, LLC. | ) | |
| | ) | |
| Defendant. | ) | |

**ADVERSARY COMPLAINT**

Plaintiff Hunan Liuyang Huan Yu (Global) Co. ("Hunan") makes the following complaint against Defendant AM Pyrotechnics, LLC ("AM Pyrotechnics"):

1. Hunan is an international corporation engaged in the business of selling fireworks and maintains a principal place of business in China.

2. Defendant A.M. Pyro is a Missouri Limited Liability Company with its principal place of business located at 2429 E. 535th Rd., Buffalo, Missouri 65622.

3. On July 21, 2014, Defendant filed a Petition for relief under Chapter 11 of the Bankruptcy Code.

4. On July 21, 2014, an Order of Relief was entered on behalf of Debtor.

5. As of the date of this Complaint the Debtor has not been granted a discharge.

6. This is an adversary proceeding in which the Plaintiff-Creditor is objecting to the Debtor's discharge of its debt owed Plaintiff and is seeking a determination as to its dischargeability under Bankruptcy Code §§523(a)(2)(A).

1

7. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and Bankruptcy Code §523.

8. This case is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(J).

*Sale of Goods*

9. On or about February 16, 2011, Mr. Aaron Mayfield executed and delivered to Hunan, an order for fireworks.

10. Mr. Aaron Mayfield is the owner and only member of Defendant AM Pyrotechnics.

11. Thereafter, debtor contracted for the sale of One Hundred Seven Thousand Three Hundred Seventy Nine Dollars and Twenty-One Cents ($107,379.21) worth of fireworks from Plaintiff.

12. On or about June 1, 2011, Plaintiff delivered to debtor the contracted shipment of fireworks, wherein invoices were included totaling $107.379.21.

13. Plaintiff upheld its end of the contracted purchase for fireworks.

14. Under the terms of the agreement between Plaintiff and Debtor, payment was due on June 1, 2011.

15. On or before June 1, 2011, Mayfield/Debtor failed to remit any payment to Plaintiff despite guarantees of same.

16. On or about March 29, 2012, Debtor/Mayfield made a payment to Plaintiff in the amount of Two Thousand Dollars and Zero Cents ($2,000.00.)

17. In March 2012, the payment owed Plaintiff was approximately ten months overdue and approximately $105,000.00 remained due and owing.

18. On or about April 28, 2012, Mayfield acknowledged the debt owed and provided a payment plan to repay Plaintiff.

19. Mayfield/Debtor represented that he/his company was the victim of embezzling, which in part, caused in his inability to pay the debt timely.

20. Mayfield/Debtor also represented to Plaintiff his ability to pay the debt and prepared a payment plan representing monthly payments Mayfield/Debtor would pay Plaintiff for several months until the debt was paid in full.

21. Defendant has acknowledged the debt, but failed to make payment to Plaintiff as guaranteed and represented under the payment plan by Mayfield/Debtor.

22. To date, Plaintiff has not received any other payments from Mayfield/AM Pyrotechnics, despite several representations that payments would be forthcoming.

23. Debtor was aware when it purchased the fireworks that it had insufficient funds within the Company to pay for the Order.

24. Debtor/Mayfield was aware when he provided the payment plan in April 2012, that AM Pyrotechnics had insufficient funds to make any payments to Plaintiff and intentionally misrepresented his ability to pay.

25. Debtor did not disclose to Plaintiff that his company did not have sufficient funds to purchase the fireworks when it was aware of its inability to pay at the time of purchase.

26. Debtor falsely represented to Plaintiff that it had the ability to pay for such fireworks at the time of purchase.

27. Debtor falsely represented to Plaintiff that it had the ability to pay for fireworks following the date debt became due and owing.

28. Prior to the sale of fireworks, Debtor failed to disclose to Plaintiff that it had risky paying customers and that there was a probability that it would not be able to make payment on the shipments.

29. Plaintiff relied on Mayfield/Debtor's misrepresentations as to forthcoming payment and has been harmed by such representations and omissions of Mayfield/Debtor.

30. To date, One Hundred Thirty-Four Thousand Six Hundred Seventy-Nine Dollars and Twenty-One Cents ($134,679.21), which includes interest accrued, remains due and owing to Plaintiff.

*PLAINTIFF'S STATE COURT SUIT AGAINST MR. AARON MAYFIELD*
*CAUSE NO.: 14PO-CC00019*

31. On January 5, 2015, Plaintiff filed an Amended Petition in the Circuit Court of Polk County, Missouri, seeking damages for the balance due on the subject shipment of fireworks.

32. Plaintiff has asserted claims against Mayfield personally as Mr. Mayfield personally guaranteed payment of the debt owed.

33. Plaintiff has asserted claims to pierce the corporate veil of AM Pyrotechnics and impose alter ego liability on Mr. Mayfield based on Mr. Mayfield's use of AM Pyrotechnics to commit a fraud that resulted in injury to Plaintiff.

34. Plaintiff's claims against Mr. Mayfield remain pending.

**COUNT I**
**NON-DISCHARGEABILITY OF AM PYROTECHNIC, LLC'S DEBT UNDER SECTION 523 (a)(2)(A) OF THE BANKRUPTCY CODE**

35. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 34, as if fully set forth herein.

36. Bankruptcy Code §523(a)(2)(A) provides, in relevant part, that:

> (a) A discharge under Section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition…

37. Defendant made false representations to Plaintiff in order to obtain a shipment of fireworks for which it could not pay.

38. Defendant made false representations to Plaintiff regarding re-payment of debt in order to delay Plaintiff from engaging in legal proceedings and obtaining a Judgment against it prior to filing for bankruptcy, or to delay Plaintiff from seeking to obtain the return its product previously sold so that Defendant could resell.

39. Plaintiff relied on these false representations and is harmed by these false representations in the amount of One Hundred Thirty-Four Thousand Six Hundred Seventy-Nine Dollars and Twenty-One Cents ($134,679.21).

40. Defendant unjustly profited off the sale/use of Plaintiff's product.

41. The debt owed Plaintiff, is non-dischargeable as it is a debt for money, property, services… that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code §523(a)(2)(A).

WHEREFORE, Plaintiff Hunan Liuyang Huan Yu (Global) Co. requests this Court enter a Judgment in its favor for One Hundred Thirty Four Thousand Six Hundred Seventy Two Dollars and Twenty-One Cents ($134,672.21), plus accruing interest, and attorneys' fees as a non-dischargeable debt under 11 U.S.C. §523(a)(2).

Case 15-06008-abf    Doc 1    Filed 03/18/15    Entered 03/18/15 13:51:36    Desc Main
          Document      Page 6 of 6

Respectfully Submitted,

**RYNEARSON, SUESS, SCHNURBUSCH
 & CHAMPION L.L.C.**

/s/ Ellen Jean Brooke
Ellen Jean Brooke                     #58901MO
Katherine M. Smith                    #57881MO
500 N. Broadway, Suite 1550
St. Louis, Missouri 63102
(314) 421-4430
(314) 421-4431 (FAX)
E-Mail: ebrooke@rssclaw.com
        ksmith@rssclaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System or by depositing a copy of same in the U.S. Mail, postage prepaid on this 18th of March, 2015:

Raymond I. Plaster
Attorney at Law
300 John Q Hammons Pkwy #105
Springfield, MO 65806

Jerry L. Phillips
Office of the U.S. Trustee
Room 3440
400 East 9th Street
Kansas City, MO  64106-1910

/s/ Ellen Jean Brooke

141222131349